UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAMMER & STEEL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIENERGY, INC. et al., | ) | Case No. 4:23-cv-01343-SRC |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Memorandum and Order

Plaintiff Hammer & Steel, Inc. (H&S) sued four defendants, all Canadian business organizations, for negligence and breach of contract in Missouri state court. *See* docs. 1, 5. One defendant, Manitoulin Transport, Inc., removed the case to this Court, doc. 1, after which H&S filed a motion for remand, arguing that Manitoulin's removal is untimely and therefore defective. Doc. 10. The Court now grants the motion and remands the case to the state court.

**I.     Background**

Hammer & Steel is a Missouri corporation in the business of buying, selling, and leasing heavy construction equipment throughout the United States and Canada. Doc. 5 at 2. In August 2023, H&S sued—in Missouri state court—MiEnergy, Inc.; Manitoulin Transport, Inc.; Everest Insurance Company of Canada; and Co-Operators General Insurance Company, alleging breach of contract and negligence claims relating to the lease of a piling rig. *See* doc. 5. The following month, on September 20, 2023, a process server signed a Server's Affidavit of Service indicating that Manitoulin was served with process at 1:55 P.M. that day via "Andrew Dewdney," a "manager" of the company. Doc. 10-1. Thirty-five days later, on October 25, 2023, Manitoulin filed a notice of removal to federal court. Doc. 1.

H&S promptly filed a motion for remand and attorney's fees, arguing that Manitoulin's removal is time-barred under 28 U.S.C. § 1446(b)(1), which allows defendants no more than 30 days to file a notice of removal.  Doc. 10.  Four days later, Manitoulin filed—in this order—two relevant documents:  a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), doc. 15, and a response to the pending motion for remand, doc. 17.  In the motion to dismiss, Manitoulin argues that it lacks sufficient contacts to be subject to personal jurisdiction in Missouri.  Doc. 16.  Its response to the motion for remand challenges the sufficiency of service of process, claiming that Mr. Dewdney is not a Manitoulin employee, that he lacked authority to accept service of process on behalf of the company, and that, despite the process server's affidavit, Manitoulin did not learn of the existence of this case before September 28, 2023, thereby delaying the statutory 30-day clock.  Doc. 17.

**II.    Legal standard**

Section 1446(b)(1) requires, in relevant part, that "[t]he notice of removal of a civil action or proceeding . . . be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b)(1).  When a party identifies a defect—namely, the failure to comply with § 1446—in the removal process, it may move the Court to remand the case back to state court.  § 1447(c).

In the face of such a motion, the removing party may, of course, attempt to defend its removal to federal court.  But not every defense may be available to assist in that effort.  Federal Rule of Civil Procedure 12(h)(1) provides that a party waives certain defenses—among them the insufficient service of process, Fed. R. Civ. P. 12(b)(5)—when that party fails to include them in a responsive pleading or raise them by motion under that rule.  That party also waives those defenses if it fails to include them in the first motion made under Rule 12.  *See* Fed. R. Civ. P.

12(g)(2) (providing that generally, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion").  That rule "reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant . . . . Unless the defendant objects on those grounds at the outset, he forfeits his right later to raise them as a defense." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 721 (3rd Cir. 1982).

When challenging whether a plaintiff has met the requirements for service of process, for instance, "[Rules] 12(g) and (h) provide that objections to the insufficiency of process or insufficiency of service of process are waived unless the objections are raised in the answer or by motion before the filing of a responsive pleading." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986).  Further, "a party must include a defense of insufficiency of process in its *first* Rule 12 motion or the defense is waived." *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1993) (emphasis added).  "The objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements" of service. *Photolab Corp.*, 806 F.2d at 810.  In short:  any time a defendant makes a pre-answer Rule 12 motion, the failure to specifically include an available defense under Rule 12(b)(2)–(5) renders that defense "permanently lost." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed. 2008).

### III. Discussion

The crux of the matter is whether Manitoulin may challenge the effective date of service of process indicated in the Affidavit of Service.  That affidavit establishes September 20, 2023 as

3

the date of service upon Manitoulin of the summons and petition.[1]  Doc. 10-1.  Federal law allows no longer than 30 days to file a notice of removal, 28 U.S.C. § 1446, and when process is sufficient (i.e., when the summons and complaint are served together), "the 30-day period for removal runs at once."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  Nowhere in this case does Manitoulin challenge the sufficiency of process; it disputes merely the sufficiency of service of process on September 20, and argues that September 28 is the proper day from which the statutory clock should run.  Accordingly, unless Manitoulin successfully challenges the purported service of process on September 20, the 30-day clock is deemed to have begun running on that date.

      Manitoulin aims to challenge the sufficiency of the purported service of process on that date by arguing that Mr. Dewdney was simply the wrong person to accept delivery of the summons and complaint on behalf of the company.  That argument falls squarely within the purview of Rule 12(b)(5), which serves as "the proper vehicle for challenging the mode of delivery . . . of the summons and complaint."  5B Wright & Miller, *supra*, § 1353.  But whatever the substance of its arguments on that score, Manitoulin's challenge fails for the simple reason that it has waived all defenses under Rule 12(b)(2)–(5) except for that of personal jurisdiction.  By the time Manitoulin first challenged the September 20 service of process in its response to the motion for remand, it had already filed a pre-answer motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  Doc. 16.  Neither that motion nor its supporting memorandum makes any mention of Rule 12(b)(5) or the insufficiency of service of process.  *See* docs. 16, 17.  Because Manitoulin failed to "include a defense of insufficiency of process in its first Rule 12 motion," it has waived any challenge to the sufficiency of service on September 20.  *O'Brien*,

---

[1] The "petition" is the state-court analogue to the complaint in federal proceedings.

998 F.2d at 1399; *see also Schmoll v. Aguirre*, No. 4:19-cv-02011-SRC, 2019 WL 5550549, at *2 (E.D. Mo. Oct. 28, 2019) (holding that because defendant "never challenged service of process in state court or this Court [before filing her answer, which likewise made no mention of such a challenge], she waived her right to challenge service of process").  In other words, Manitoulin has "permanently lost" the right to make any challenge to the sufficiency of process on September 20.  5C Wright & Miller, *supra*, § 1391.

The upshot is that September 20, 2023, remains the effective date for purposes of the statutory 30-day clock on the filing of a notice of removal.  Under that timeline, Manitoulin could file a notice of removal no later than October 20, 2023. It did not file such a notice until October 25, 2023.  *See* doc. 1.  Because H&S has properly raised this defect in its motion for remand, doc. 10, the Court grants the motion and remands the case to state court.  *See* 28 U.S.C. § 1447(c).

Finally, the Court turns to the request for attorney's fees incurred in reviewing and challenging Manitoulin's notice of removal.  Doc. 10 at 2.  Section 1447(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Although any award of costs and fees under this provision is left to the Court's discretion, the touchstone for that determination is the "reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.* at 141.

Here, Manitoulin was under the good-faith impression that because the summons and complaint only arrived at its corporate office on September 28, 2023, it had 30 days from that

5

date—not from September 20—to file for removal.  Doc. 17 at 4.  In a signed affidavit, Manitoulin's CFO explained that the company only became aware of this lawsuit on September 28, and had been unaware of the September 20 service of process upon Mr. Dewdney.  Doc. 17-1.  Further, had removal been proper, the Court could have properly exercised diversity jurisdiction over this case.  Under such circumstances, Manitoulin's removal did not "lack[] an objectively reasonable basis," so H&S is not entitled to attorney's fees incurred in reviewing this matter.  Accordingly, the Court denies its request for fees and costs.

## IV.     Conclusion

Because Manitoulin has waived the defense of insufficient service of process, the Court deems it to have been properly served with process on September 20, 2023.  Per that date and 28 U.S.C. § 1446, Manitoulin's filing of its notice of removal was due no later than October 20, 2023, and its filing on October 25, 2023, was untimely.  Accordingly, the Court grants the [10] Motion for Remand.  However, because Manitoulin did not lack an objectively reasonable basis for seeking removal, the Court denies the request for an award of attorney's fees.  Pursuant to § 1447(c), the Court remands this case to the Circuit Court for St. Louis County, Missouri, and directs the Clerk of the Court to mail a certified copy of this order of remand to the clerk of the state court.  The Court also denies Manitoulin's [15] Motion to Dismiss, along with the pending [21] Motion for Extension of Time and [24] Second Motion for Remand, as moot.  A separate order of remand accompanies this memorandum and order.

So ordered this 30th day of November 2023.

*SLR. CL*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE